UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Melody Baker,<br>Plaintiff,<br><br>v.<br><br>FMH, LP d/b/a Francis Marion Hotel,<br>Defendant. | CASE NO.: 2:26-cv-3665-BHH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about June 1, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Melody Baker, is a citizen and resident of Charleston County, South Carolina.

6. The Defendant, FMH, LP d/b/a Francis Marion Hotel, is upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant employs fifteen (15) or more employees and is an “employer” within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

11. The Defendant is an industry that affects commerce within the meaning of the Title VII and the Americans with Disabilities Act.

12. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

13. On or about September 12, 2022, the Plaintiff began working for Defendant as a Front Desk Agent and most recently as a PBX Operator.

14. The Plaintiff had previously been diagnosed with a severe pork allergy. Plaintiff goes into anaphylactic shock if she is exposed to pork. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

15. Plaintiff asked for accommodation. The Defendant granted the Plaintiff the accommodation at one point.

16. During the course of her employment, the Plaintiff was allowed to hang a sign on the microwave that someone had a severe pork allergy and not to cook any pork in the area.

17. On or about July 13, 2025, Rooms Director, Latisha Rivers, brought and left pork on the desk directly behind the Plaintiff, causing the Plaintiff to have a severe allergic reaction that forced her to leave work, despite Ms. Rivers knowing about the Plaintiff’s medical condition.

18. On or about July 30, 2025, Ms. Rivers removed the sign that Plaintiff hung, and Ms. Rivers told Plaintiff that the office is a shared space, and they couldn’t protect her from smells. Ms. Rivers also told Plaintiff that the sign and Plaintiff’s request were both unacceptable, and that pork would continue to be brought into the workspace, and that Ms. Rivers was not going to accommodate Plaintiff.

19. Plaintiff brought a stool to work, due to a neck injury. Ms. Rivers sent Plaintiff home and told her that she needed to get a note from her doctor in order to use a stool.

20. Plaintiff faced more and more of a hostile work environment and retaliatory conduct by Defendant.

21. In retaliation for requesting accommodation, the Plaintiff was constructively discharged on or about August 1, 2025, as Plaintiff could no longer work under the intolerable working conditions that continuously put her health at jeopardy.

22. Any stated reasons for Plaintiff's discharge were pretextual in nature. Her discharge, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

23. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the ADA – Failure to accommodate**

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

26. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

27. As a result of her disability, the Plaintiff requested reasonable accommodation of no pork in her workspace and the use of a stool.

28. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

29. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodation.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the ADA – Retaliation**

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

32. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

33. Shortly after requesting said accommodation, the Defendant constructively discharged the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

34. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

35. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

36. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## FOR A THIRD CAUSE OF ACTION
**Hostile Work Environment**

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Once Plaintiff asserted her rights under Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

39. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, by allowing a hostile work environment to exist in the workplace.

40. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

41. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

42. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain

and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## REQUEST FOR RELIEF

43. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

44. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE**, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for payment of reasonable medical bills;

5. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

6. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

7. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

Respectfully submitted.

**WIGGER LAW FIRM, INC.**

s/ *Charles W. Neely*
Charles W. Neely (Fed. ID # 12913)
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800
*Attorney for Plaintiff*

North Charleston, South Carolina
August 25, 2026